UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

KETRICK THOMAS #107122           CIVIL ACTION NO. 21-cv-2507

VERSUS           JUDGE ELIZABETH E. FOOTE

TERRY HENRY ET AL           MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Ketrick Thomas ("Plaintiff") is a self-represented former inmate of the Caddo Correctional Center ("CCC"). He alleges that Cpl. Terry Henry, Sgt. Carlos Walker, and Sgt. Zachery Thomas ("Defendants") violated his civil rights while he was housed at the jail. Before the court is Defendants' motion for summary judgment (Doc. 27). The motion was noticed for briefing, but Plaintiff filed no response. For the reasons that follow, it is recommended that the motion be granted.

**Plaintiff's Allegations**

Plaintiff alleged that on July 29, 2021 he was at his cell door waiting for a cup of water when Cpl. Terry Henry argued with Plaintiff over him wanting water instead of juice. Plaintiff stated that he did not drink juice so wanted water. Henry allegedly told Plaintiff to move out of the way but, before Plaintiff knew it, Henry "slammed the door with my foot in the door," and his cellmate had to beat on the door to alert someone that Plaintiff's foot was hurt and that he needed to go to medical. Plaintiff alleges that medical saw that

his foot was bruised and swollen and told him that they would perform an x-ray. Plaintiff alleged that he needed medication for his pain.

In an amended complaint (Doc. 9) Plaintiff added a claim about a separate use of force event. He alleged that Sgt. Walker "twisted, pulled my arm behind my back after he pushed me against the table." Plaintiff stated that the alleged assaults are on video taken in the Alpha unit. Plaintiff added that he was suffering "mental retaliation constantly writing me up on disciplinary." He added that he suffered physical pain in his foot and that his arm was numb and swollen.

**Summary Judgment Evidence**

Cpl. Henry offers a declaration made pursuant to 28 U.S.C. § 1746, which is competent summary judgment evidence. Hart v. Hairston, 343 F.3d 762, 764 n.1 (5th Cir. 2003); Cooper v. Fisher, 676 Fed. Appx. 355, 357 (5th Cir. 2017). Henry states that he was present in Housing Unit Alpha on July 29, 2021. He attempted to close the door to cell number five, where Plaintiff was housed, when Plaintiff "stuck his foot between the jamb and the door, preventing me from closing it." Plaintiff "then moved his foot away, and I attempted to close the door again." Plaintiff then "stuck his foot out in between the jamb and the door a second time, just before the door closed." Henry states that Plaintiff then claimed that his foot was broken, so Plaintiff was escorted to medical for treatment.

Henry refers to surveillance video attached to his declaration. The video, beginning at about the 2:30 mark, shows a deputy (presumably Henry) and some inmates distributing meals to cells. There is no audio. At cell no. 5, the view is obscured by a stairway. The deputy closed the door (at least partially), reopened it, then closed it. The group then

moved on to cell no. 6. The deputy returned to no. 5 about a minute later and opened the door. The video does not depict in detail what happened with respect to Plaintiff's foot, but it does not show anything inconsistent with Deputy Henry's declaration.

Health Services Director Kelli Hayes offers a certified copy of Plaintiff's medical records regarding his complaints of foot pain on and after July 29, 2021.[1] The records indicate that Plaintiff was able to walk to medical to report getting his foot closed in a cell door. A "contusion to left lateral foot" was noted. Plaintiff was provided a wrap and ice pack. An x-ray was requested, and the results were later reported to show "no fracture or dislocation." No other abnormalities were noted. Two days after the incident, Plaintiff complained on swelling and pain in the foot. Medical staff wrote that no swelling was noted when the foot was assessed. The foot was rewrapped, and Tylenol and an ice pack were provided. Plaintiff continued to report to sick call on a few occasions afterward and report that his foot was still very painful.

Sgt. Carlos Walker also submitted a declaration made pursuant to Section 1746. He states that he was not present in Alpha on July 29, 2021 when the foot/door incident occurred. He says that the separate incident alleged regarding him, in the amended complaint, happened on October 9, 2021 at about 10:35 a.m. in Alpha. Other deputies told Plaintiff to sit down in the day room while his cell was being shaken down. Plaintiff did not comply and responded, "I ain't gotta sit no f***ing where." Walker then approached

---

[1] It would be extremely helpful to have a nurse or other healthcare professional, in a declaration or affidavit, describe the relevant aspects of jail medical records. The court sometimes has difficulty making out the handwriting in the records or deciphering the medical abbreviations and terminology.

Plaintiff and told him multiple times to sit. Plaintiff did not comply, so Walker attempted to secure him in an escort position and then a rear wrist lock. Plaintiff resisted by turning his body, walking toward some tables in the front of his cell, and dropping his body weight. When he did so, Plaintiff intentionally fell forward onto the tables. Walker, with the assistance of two other deputies, picked up Plaintiff by his arm. A nurse who was in the area cleared Plaintiff of any injuries.

Walker refers to a video of the October 19, 2021 incident. The video is clear but contains no audio. It shows CCC officials approach a cell, and two inmates exit. One promptly sits, but one (presumably Plaintiff) does not. A deputy (presumably Walker) is seen approaching Plaintiff and instructing him.[2] When Plaintiff does not comply, the deputy attempts to place Plaintiff's hands behind his back. Plaintiff then walked toward some nearby tables or chairs and fell forward slowly; it appears that the deputy tried to hold Plaintiff up and prevent the fall. The deputy immediately removed Plaintiff from the furniture on which he landed and had him seated and checked. Plaintiff was then helped to his feet and, soon afterward, escorted to his cell. There is nothing in the video that indicates improper force or any injury to Plaintiff.

**Pretrial Detainees and Due Process**

Defendants represent that Plaintiff was a pretrial detainee at the relevant times. The claims of a pretrial detainee are governed by the Due Process Clause, rather than the Eighth

---

[2] It would be extremely helpful and avoid uncertainties or mistaken assumptions if such surveillance videos were accompanied by declaration or affidavit testimony that identified the parties in the video, whether by appearance, action, or location.

Amendment that applies to claims by convicted prisoners. With respect to an excessive force claim, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015). Objective reasonableness turns on the facts and circumstances of each particular case, and a court must make the determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight. Id.

A non-exclusive list of factors that may bear on the reasonableness or unreasonableness of the force used include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." Id. The detainee "can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." Kingsley, 135 S.Ct. at 2473-74.

**Analysis**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the moving party makes such a showing, "[t]he non-moving party must then come forward with specific facts showing there is a genuine issue for trial." Washburn v. Harvey, 504 F.3d 505, 508 (5th Cir. 2007). The court will "review evidence

in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence by the nonmoving party." Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011).

A party may not rest on their complaint when their allegations are squarely challenged by a motion for summary judgment. Defendants' facts govern here because they supported them with competent summary judgment evidence, and Plaintiff has nothing but his unsworn complaint and amended complaint. Defendants met their initial summary judgment burden, but Plaintiff did not respond with any competent evidence that would create a genuine dispute of a material fact.

"A party opposing a properly supported summary judgment motion may not rest on mere allegations contained in the pleadings to demonstrate a genuine issue of material fact." Frazier v. Keith, 707 Fed. Appx. 823, 825 (5th Cir. 2018) (affirming summary judgment for prison officials). "Even pro se litigants may not oppose summary judgment motions with unsworn materials." Turner v. Baird, 707 Fed. Appx 290, 291 (5th Cir. 2017), citing Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980).

Based on the undisputed facts presented by Defendants, there is no genuine dispute that neither of the alleged force incidents arise to a Due Process violation under the Kingsley standard. There is no evidence that Cpl. Henry intentionally hit Plaintiff's foot with the door, and the evidence shows that Henry promptly arranged for Plaintiff to receive medical attention for what turned out to be a sore foot but nothing worse. Similarly, there is no evidence to contest Sgt. Walker's declaration that it was Plaintiff who caused his own rather uneventful fall that led to no discernable injury or harm. Finally, there is no evidence

to challenge Henry's declaration that he did not, as alleged by Plaintiff, say that Walker asked him to fabricate a lockdown report.

At the most, the foot and fall matters were minor accidents. Even if the evidence could be viewed to allow for the potential of negligence by either deputy, mere negligence will not make out a claim. Kingsley, 135 S.Ct. at 2472, citing Daniels v. Williams, 106 S.Ct. 662 (1986) (affirming dismissal of inmate's claim that he slipped on a pillow negligently left on the stairs by a deputy). Defendants have directly challenged all of Plaintiff's allegations with competent summary judgment evidence, and Plaintiff has not responded. The record supports summary judgment for Defendants on all claims.

Accordingly,

It is recommended that Defendants' Motion for Summary Judgment (Doc. 27) be granted and that all claims against all defendants be dismissed with prejudice.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of March, 2023.

Mark L. Hornsby
U.S. Magistrate Judge